UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DAVID BRIDGES, JOHN COURTNEY, JERRY FREEMAN, SR., WYMAN FULLER, JAMES HARDY, TERRY KEITH, JERRY KITCHENS, SR., RANDY NEWSOME, SR., THOMAS SULLIVAN, AND WILLIE THOMPSON | * * * * * * * | CIVIL ACTION NO.: SECTION: JUDGE: |
| **Plaintiffs** | * * | |
| VS | * * * | DIVISION: MAGISTRATE: |
| **PHILLIPS 66 COMPANY, ET AL.** | * * * | |
| **Defendants** | * | |

**********************************************************************

## NOTICE OF REMOVAL

**NOW INTO THE COURT,** through undersigned counsel, comes Defendant, Union Carbide Corporation, ("Union Carbide"), and without waiving any of its defenses, hereby gives notice of removal of this case from the action entitled *David Bridges, et al. v. Phillips 66 Company, et al.*, No. 622159, on the docket of the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana to the United States District Court for the Middle District of Louisiana, Baton Rouge Division, pursuant to 28 U.S.C §.§ 1441(a) and (c).

1.

Plaintiff filed this matter on June 10, 2013, in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana. The state court action was assigned Docket No. 622159, Section "22".

2.

The Original Petition filed by Plaintiffs contains, in part, general maritime and OCSLA allegations against Union Carbide, Montello, Inc., Chevron Phillips Chemical Company, LP, Coastal Chemical Co., L.L.C., Nico Supply Co., Inc., Baker Hughes Oilfield Operations, Inc., f/k/a BJ Services Company USA, individually and as the successor in interest by merger to Western Company of North America, Western Oceanic International Inc., Western Oceanic Inc., and Western Oceanic Services Inc., ENSCO Offshore Company, individually and as successor to Penrod Drilling Company, Noble Drilling Corporation, Exxon Mobil Corporation, individually and as successor to Exxon Company USA, Murphy Exploration & Production Company, individually and as successor in interest to ODECO Drilling Company, and ODECO Oil & Gas Company, Murphy Exploration & Production Company-USA, and Shell Oil Company.

3.

Plaintiffs allege that they developed asbestos maladies as a result of exposure to Defendants' products and/or use of asbestos products. *See* Plaintiffs' Original Petition for Damages, contained in Exhibit "**A**".

## Basis For Jurisdiction in this Court

4.

Plaintiffs are oil field workers in the "oil and gas drilling industry" who allege injuries resulting from Plaintiffs' work with and exposure to asbestos-containing products on offshore oil rigs in the Gulf of Mexico. *See* Plaintiffs' Original Petition for Damages at ¶7 and ¶9, contained in Exhibit "**A**".

2

5.

Plaintiffs alleged exposures on offshore oil rigs in the Gulf of Mexico were in the furtherance of the development of minerals on the Outer Continental Shelf. As such, said claims are subject to federal jurisdiction under the Outer Continental Shelf Lands Act ("OCSLA") pursuant to 43 U.S.C. §1333(a)(1).

6.

Furthermore in their Original Petition, Plaintiffs assert claims against two classes of Defendants – "Asbestos Defendants" and "Jones Act Defendants". With regard to the "Asbestos Defendants", of which Union Carbide is named as one, Plaintiffs assert general maritime claims against all of these Defendants in paragraphs 11 and 14(a) – (g) of their Original Petition. Plaintiffs further assert general maritime claims for punitive damages and unseaworthiness against all of the "Jones Act Defendants" in paragraphs 21 and 22 of their original Petition. "Federal district courts have "original jurisdiction" over "[a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." 28 U.S.C. § 1333(1); *see generally, Ryan v. Hercules Offshore, Inc.,* 12-3510, 2013 WL 1967315, at *1 (S.D. Tex. May 13, 2013)(holding claims asserted under general maritime law are removable following 2011 amendments to 28 U.S.C. § 1441).

7.

Plaintiffs' Jones Act claims are nonremovable by statute. 46 U.S.C.App. § 30104 and 28 U.S.C. § 1445(a)

8.

Because Plaintiffs' action would be removable without the inclusion of the Jones Act claims, Plaintiffs' action is removable under §1441(c). *See generally, Wells v. Abe's Boat*

3

*Rentals Inc., et al.,* 13-1112, 2013 WL 3110322, at *1 (S.D. Tex. June 18, 2013)(holding removal of Plaintiff's action appropriate under §1441(c) where Plaintiff asserted general maritime law claims, OCSLA claims, and Jones Act claims, remanding Jones Act claims only to state court.). After removal, "the district court shall sever [the nonremovable claims] and shall remand the severed claims to the State court from which the action was removed...." 28 § 1441(c)(2).

**<u>Defendants' Consent</u>**

9.

Plaintiffs have asserted general maritime law claims and claims arising under OCSLA against all Defendants in the instant matter.

10.

Accordingly, pursuant to 28 U.S.C. §1441(c)(2), all remaining Defendants have consented in this removal.

11.

Defendant Montello, Inc.'s Consent to Removal is attached as Exhibit "**B**".

12.

Defendant Chevron Phillips Chemical Company, LP, and successor in interest to Phillips Petroleum Company f/k/a ConocoPhillips and n/k/a Phillips 66 Company and Phillips 66 Company formerly doing business as Drilling Specialties Company's Consent to Removal is attached as Exhibit "**C**".

13.

Defendant Coastal Chemical Co., L.L.C.'s Consent to Removal is attached as Exhibit "**D**".

14.

Defendant Nico Supply Co., Inc.'s Consent to Removal is attached as Exhibit "**E**".

15.

Defendant ENSCO Offshore Company, individually and as successor to PENROD Drilling Company's Consent to Removal is attached as Exhibit "**F**".

16.

Defendant Noble Drilling Corporation's Consent to Removal is attached as Exhibit "**G**".

17.

Defendant Exxon Mobil Corporation, individually and as successor to Exxon Company USA's Consent to Removal is attached as Exhibit "**H**".

18.

Defendant Murphy Exploration & Production Company, individually and as successor in interest to ODECO Drilling Company, and ODECO Oil & Gas Company's Consent to Removal is attached as Exhibit "**I**".

19.

Defendant Murphy Exploration & Production Company-USA's Consent to Removal is attached as Exhibit "**J**".

20.

Defendant Shell Oil Company's Consent to Removal is attached as Exhibit "**K**".

21.

Consent of Defendant Baker Hughes Oilfield Operations, Inc., f/k/a BJ Services Company USA, individually and as successor in interest by merger to Western Company of North America, Western Oceanic International Inc., Western Oceanic Inc., and Western Oceanic

Services, Inc., is not necessary as this Defendant is in the process of being voluntarily dismissed by Plaintiffs.

**Venue is Proper**

22.

The United States District Court for the Middle District of Louisiana embraces the parish in which the state court action was filed, and thus, this case is properly removed to this Court under 28 U.S.C. §1446(a).

**Removal Is Timely**

23.

Service of process of Plaintiffs' Petition For Damages was made on Union Carbide through its registered agent for service of process in Louisiana, CT Corporation, on June 21, 2013.

24.

Pursuant to 28 U.S.C. §1446(b), the thirty (30) days allotted for removal "after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting for the claim for relief upon which the action or proceeding is based" expired on Sunday, July 21, 2013.

25.

This Notice of Removal is timely because it was filed on the Monday after the weekend date on which the window of 30 days of being served with the Complaint ran. *See* FED. R. CIV. P. 6(a)(1)(C).

### Removal Without Waiver of Exceptions, Defenses, or Objections

26.

This action is being removed without any waiver of any exception, defense or objection, state or federal, including but not limited to service, citation, venue, lack of amicable demand, non-joinder of a party, jurisdiction, prematurity, and vagueness.

### Jury Demand

27.

Plaintiffs demanded a trial by jury in the state court action.

### Pleading and Process

28.

Pursuant to 28 U.S.C. §1446(a), a copy of Plaintiffs' Original Petition, along with all other papers received by Union Carbide, or otherwise filed in State Court are attached hereto as Exhibit "**A**".

29.

Written notice of filing of this Notice of Removal will be given to all adverse parties, as required by the provisions of 28 U.S.C. §1446(d).

30.

A true and correct copy of this Notice of Removal will be filed with the Clerk of the 19th Judicial District Court of the Parish of East Baton Rouge, State of Louisiana, as required by the provisions of 28 U.S.C. §1446(d). Union Carbide is providing the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, written notice of this removal and has requested that the Clerk of that Court forward a certified copy of the State Court record in this matter to this Honorable Court.

31.

Copies of the Notice of Filing, together with this Notice of Removal are being served upon counsel for Plaintiff.

**WHEREFORE**, Defendant, Union Carbide hereby removes this action from the 19th Judicial District Court for the Parish of East Baton Rouge, Louisiana, to the United States District Court for the Middle District of Louisiana.

**KUCHLER POLK SCHELL WEINER & RICHESON, LLC**

/s/McGready L. Richeson
Deborah D. Kuchler, T.A. (La. Bar No. 17013)
McGready L. Richeson, T.A. (La. Bar No. 29398)
Ernest G. Foundas, T.A. (La. Bar No. 24419)
Michael H. Abraham (La. Bar No. 22915)
Francis X. deBlanc (La. Bar No. 25027)
1615 Poydras Street, Suite 1300
New Orleans, LA 70112
(504) 592-0691
(504) 592-0696
**ATTORNEYS FOR
UNION CARBIDE CORPORATION**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy has been served upon all counsel for all parties to this proceeding via e-file. If counsel is not a user of the e-file system, then this document will be served via Certified Mail, return receipt requested on the 22nd day of July, 2013.

/s/McGready L. Richeson<br>McGready L. Richeson