19TH JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

NO. 622159    DIVISION " "    SEC. 22

DAVID BRIDGES, JOHN COURTNEY, JERRY FREEMAN, SR., WYMAN FULLER, JR.
PERCY HALL, JAMES HARDY, TERRY KEITH, JERRY KITCHENS, SR., RANDY
NEWSOME, SR., THOMAS SULLIVAN, AND WILLIE THOMPSON

V.

PHILLIPS 66 COMPANY, et al.

FILED: _____    _____
                                  DEPUTY CLERK

## SEAMENS' PETITION FOR DAMAGES

COMES NOW, Plaintiffs, DAVID BRIDGES, JOHN COURTNEY, JERRY FREEMAN, SR., WYMAN FULLER, PERCY HALL, JAMES HARDY, TERRY KEITH, JERRY KITCHENS, SR., RANDY NEWSOME, SR., THOMAS SULLIVAN, AND WILLIE THOMPSON, and files this, their Original Petition against the Defendants and would show unto the Court the following, to-wit:

### I. PARTIES

#### PLAINTIFFS

1. Plaintiffs James Hardy and Randy Newsome are adult resident citizens of the State of Louisiana;

2. Plaintiffs David Bridges, John Courtney, Terry Keith, Jerry Freeman, Sr., Wyman Fuller, Percy Hall, Jerry Kitchens, Thomas Sullivan, and Willie Thompson are adult resident citizens of the State of Louisiana.

#### ASBESTOS DEFENDANTS

3. The following are manufacturers, distributors and/or users of asbestos products to which Plaintiff was exposed and by which Plaintiffs were injured. These defendants are hereinafter at times collectively referred to as "Asbestos Defendants":

A.

Defendant, Union Carbide Corporation, is a foreign corporation licensed to do business in the State of Louisiana.



Certified True and Correct Copy eCertID: 000086873   REC'D C.P. JUN 12 2013   F/. COPY FILED 10/7/13   ORIGINAL FILED 6/10/13   6/19/2013 7:59 AM



EXHIBIT A

B.

Defendant, Montello, Inc. is a foreign corporation not registered in the State of Louisiana but doing business in the State of Louisiana, having committed a tort in whole or in part in the State of Louisiana and participated in the making and/or performance in the State of Louisiana.

C.

The "PHILLIPS DEFENDANTS":

Defendant, Chevron Phillips Chemical Company, LP, and successor in interest to Phillips Petroleum Company f/k/a ConocoPhillips and n/k/a Phillips 66 Company and Phillips 66 Company formerly doing business as Drilling Specialties Company, is a foreign corporation licensed to do business in the State of Louisiana.

D.

Defendant, Coastal Chemical Co., L.L.C., is a Louisiana limited liability company that, upon information and belief, supplied and distributed some of the Asbestos and/or Asbestos products referenced herein and is liable unto plaintiffs as more fully set forth below.

E.

Defendant, Nico Supply Co., Inc., is a Louisiana corporation that, upon information and belief, supplied and distributed some of the Asbestos and/or Asbestos products referenced herein and is liable unto plaintiff as more fully set forth below.

**JONES ACT DEFENDANTS**

H.

Defendant, BAKER HUGHES OILFIELD OPERATIONS, INC. f/k/a BJ SERVICES COMPANY USA, individually and as successor in interest by merger to WESTERN COMPANY OF NORTH AMERICA, WESTERN OCEANIC INTERNATIONAL INC., WESTERN OCEANIC INC., AND WESTERN OCEANIC SERVICES INC., is a Louisiana corporation doing business within the State of Louisiana.

I.

Defendant, ENSCO OFFSHORE COMPANY, individually and as successor to PENROD DRILLING COMPANY, is a foreign corporation doing business within the State of Louisiana.

J.



Certified True and Correct Copy
eCertID: 000086873
Deputy Clerk of Court
Generated Date: 6/19/2013 7:59 AM

Defendant, NOBLE DRILLING CORPORATION, is a foreign corporation doing business within the State of Louisiana.

K.

Defendant, EXXON MOBIL CORPORATION, individually and as successor to EXXON COMPANY USA, is a foreign company licensed to do business within the State of Louisiana.

L.

Defendant MURPHY EXPLORATION & PRODUCTION COMPANY, individually and as successor in interest to ODECO DRILLING COMPANY, AND ODECO OIL & GAS COMPANY, is a foreign corporation doing business within the State of Louisiana.

M.

Defendant, MURPHY EXPLORATION & PRODUCTION COMPANY-USA, is a foreign corporation doing business within the State of Louisiana.

N.

Defendant, SHELL OIL COMPANY, is a foreign corporation doing business within the State of Louisiana.

## II. JURISDICTION

Jurisdiction of this court is based upon the general maritime law, the Jones Act and the "savings to suitors" clause. Venue is proper as Defendants Union Carbide Corporation, Montello, Inc., Murphy Exploration & Production Company-USA, Exxon Mobil Corporation, Shell Oil Company, and Chevron Phillips Chemical Company have their principal places of business within the jurisdiction of this Court.

## III. CAUSES OF ACTION

This suit arises from injuries caused to Plaintiffs because of his frequent and sustained exposure to asbestos products that were negligently and defectively designed, manufactured, marketed, distributed, supplied, sold and used by UNION CARBIDE, , the "PHILLIPS DEFENDANTS," MONTELLO, INC., COASTAL CHEMICAL CO., L.L.C., and NICO SUPPLY CO., INC., sometimes referred to collectively as "Asbestos Defendants". As a result of Plaintiffs' exposure to these Defendants' products and their use of asbestos products, plaintiffs have developed asbestos maladies.

4. The Asbestos Defendants have been in the business of manufacturing, distributing,



Certified True and Correct Copy
eCertID: 000085873
Tracy Bradley
East Baton Rouge Parish
Deputy Clerk of Court
Generated Date:
6/19/2013 7:59 AM

marketing and selling products containing asbestos for many decades. At the time these products were placed in the stream of commerce the Asbestos Defendants, both collectively and individually, had actual knowledge of the unreasonably dangerous propensities of asbestos. These Defendants knew and/or should have known of the unreasonably dangerous application of asbestos as it affects these Plaintiffs and others similarly situated for all of the exposure time period alleged herein.

5. Defendants engaged in a continuous and calculated course of conduct in which it exposed workers to its deadly products for decades while knowing full well that these products caused asbestosis, lung cancer and mesothelioma. The Defendants were manufacturers and/or knowledgeable distributors or sellers of asbestos and asbestos products at a time when the dangers of asbestos were known or should have been known to them and they failed to warn and/or protect the Plaintiffs.

6. Additionally, notwithstanding such knowledge, Defendants have manufactured, sold, distributed, failed to warn Plaintiff, and used asbestos negligently and in violation of the laws of the State of Louisiana, both statutory and case law, such as to submit them to strict liability for their products and for the failure to properly warn the Plaintiffs about the dangers of their product.

7. Plaintiffs worked with and were exposed to asbestos-containing products, including but not limited to drilling mud additives, in his occupation while working in various oil fields and facilities and on offshore oil rigs in the Gulf of Mexico. Plaintiffs were exposed, on numerous occasions, to asbestos-containing products, produced, marketed, distributed, sold and/or used by the Defendants and, in doing so, inhaled great quantities of asbestos fibers. Plaintiffs handled and were exposed to asbestos drilling mud additives frequently on a regular basis, was frequently and regularly covered in Defendants' asbestos products, and frequently and regularly breathed in Defendants' asbestos products.

8. Defendants were negligent, and it was the negligence of Defendants that caused Plaintiff to suffer injuries and damages. Defendants also defectively designed, defectively manufactured, and defectively marketed the asbestos-containing products that caused Plaintiffs' injuries and damages. The Defendants' asbestos drilling mud products were designed in a defective manner at the time they left the control of Defendants. The defective condition or failure to use a feasible design alternative rendered the asbestos products unreasonably dangerous to Plaintiffs; and the

Certified True and Correct Copy
eCertID: 0000086873
Tracy Bradley
East Baton Rouge Parish
Deputy Clerk of Court
Generated Date: 6/19/2013 7:59 AM
Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

defective and unreasonably, dangerous condition of the product, if any, was the proximate cause of the Plaintiffs damages.

9. Defendants failed to warn Plaintiffs regarding the terrible dangers of their products, and, in the alternative, any alleged warning was inadequate and/or defective. Defendants had actual knowledge of the significant dangers associated with their products, but they nevertheless sold raw asbestos drilling mud additives in fifty pound bags for use by oil field workers like Plaintiffs in the oil and gas drilling industry from the 1960s to 1980s.

10. Plaintiffs' injuries, illnesses and damages are a direct and proximate result of the negligence of Defendants and the unreasonably dangerous products they designed, manufactured, marketed, sold, and used. Such negligence and strict liability was also the result of intentional actions and reckless indifference to the safety, health and welfare of the Plaintiffs and others similarly situated, constitutes gross negligence and subjects all these Defendants to punitive damages. Further, Defendants' negligent actions caused plaintiffs to suffer severe emotional distress that was a reasonably foreseeable result of Defendants' conduct. Additionally, Defendants' conduct was malicious, intentional, willful, wanton, and so grossly careless, reckless and/or indifferent that Defendants' conduct was the cause of foreseeable emotional distress to Plaintiffs.

11. Plaintiffs allege a general maritime law claim for punitive damages against (1) all third party non-employers including the drilling mud manufacturers and national distributors (Union Carbide Corporation, Montello, and Chevron Phillips Chemical Company) and the state distributors (Coastal Chemical Company and Nico Supply Company), as well as (2) a claim for punitive damages for any unseaworthiness of the vessel or gross negligence as against the Jones Act employer defendants, and finally (3) a claim for punitive damages under general maritime law for any unreasonable and/or intentional failure to pay maintenance and cure as against the Jones Act defendants.

12. The action of all of these Defendants jointly, severally, individually and in concert have caused or contributed to the injuries of the Plaintiffs for which they now bring their claims against the Asbestos Defendants for negligence, defective design, defective manufacture, failure to warn, strict liability, intentional infliction of emotional distress, negligent infliction of emotional distress and fear of cancer under Louisiana Law.



Certified True and Correct Copy
eCertID: 000086873

_Tracy Bendley_
East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
6/19/2013 7:59 AM

13. In the event that any Defendant alleges that Plaintiffs' claims are barred by the statute of limitations, Plaintiffs asserts that the limitations period on all causes of action is tolled by virtue of Defendants' fraud, fraudulent concealment, the discovery rule, or the laws of the state of Louisiana. Additionally, each action of Defendant and each incident of injury suffered by Plaintiffs established an additional cause of action resulting in a continuous tort against Plaintiffs.

14. **GENERAL MARITIME LAW CLAIMS AGAINST ABOVE NAMED ASBESTOS DEFENDANTS:**

To the extent plaintiffs were exposed to asbestos drilling mud and additives negligently and defectively designed, manufactured, marketed, distributed, supplied, sold and used by the above named "Asbestos Defendants" while plaintiffs worked on oil rigs in the Gulf of Mexico, plaintiffs specifically plead that general maritime law applies to such periods of exposure and arising injuries. Such GML claims include, but are not limited to, the following:

a) Punitive damages against all named Asbestos Defendants for any exposure and injury suffered while working on navigable water;

b) In the event any parties which may be found to be responsible for any damages owed to the plaintiff are bankrupt or in bankruptcy protection, said named Asbestos Defendants are liable for such bankrupt responsible party's share of fault;

c) Product liability claims as allowed under GML (in adopting the Restatement 2nd of Torts);

d) General negligence claims as allowed under GML for all negligent actions as outlined above including failing to warn, and exposing plaintiffs to a product/substance which was or should have been known to cause injury;

e) Fear of cancer and medical monitoring damages (as well as all other plead below);

f) Pre-judgment interest from date of injury on all past damages; AND

g) All other rights and remedies as provided for by GML.

16. In regard to the above named Jones Act Defendants, Plaintiffs plead that they were previously employed by such defendants as a Jones Act seaman, more or less permanently assigned to a vessel or fleet of vessels under the Jones Act, 46 U.S.C. Sections 30104 et seq (formally 46 U.S.C. Section 688), and during such periods of employment they were exposed to drilling mud, or drilling mud additives which were, or which contained, asbestos. Plaintiffs

Certified True and Correct Copy
eCertID: 000086873
Tracey Bradley
Deputy Clerk of Court
Generated Date: 6/19/2013 7:59 AM
Alteration and subsequent re-filing of this certified copy copy violates La. R.S. 14:132, 133, and/or SUPC Rule 3.2(a)(3).

bring such claims under the Jones Act in this court pursuant to the 'savings to suitors' clause. These Jones Act Defendants are jointly liable with the aforementioned Asbestos Defendants.

17. In regard to each of the above named Jones Act Defendants, Plaintiffs allege defendants were negligent under the Jones Act and Plaintiffs plead the following non-exclusive acts of negligence under the Jones Act:

    a. Breach of a legally imposed duty of reasonable care owed by the Jones Act defendants to the plaintiff;

    b. Failing to provide Plaintiff with a safe place to work, to wit, allowing dangerous asbestos fibers to be present without providing adequate protection or PPE;

    c. Failing to provide adequate health protections including proper PPE;

    d. Failing to warn Plaintiff of health hazards that were known, or should have been known, by the Jones Act defendants;

    e. Exposing Plaintiff to asbestos when such was a known health hazard;

    f. Ignoring then known safety standards and warnings in regard to the use and handling of asbestos products, including but not limited any and all applicable (or instructive) Federal regulations;

    g. Failing to monitor and supervise Plaintiff to ensure the safe use and handling of asbestos products;

    h. And all other acts of negligence as may be discovered and will be shown at the trial of this matter.

18. Pursuant to the General Maritime Law of the United States of America, the Jones Act defendant had and continues to have the absolute and nondelegable duty to provide plaintiff with maintenance and cure benefits from the date that he was rendered unfit for duty until maximum cure is achieved.

19. As a result of the aforementioned exposure to asbestos, Plaintiffs were rendered unfit for duty and presently remains unfit and incapable of returning to duty as a seaman. Plaintiff has not reached maximum cure in connection with his injuries.

20. Therefore, the plaintiffs pray for the payment of past, present and future adequate maintenance benefits as well as past, present and future payment of any and all cure benefits to which plaintiff is entitled. Should the Jones Act defendant fail to honor its maintenance and cure obligations, the plaintiffs are entitled to attorney's fees, punitive damages and an additional compensatory award for any acts of negligence on the part of the defendant which would result in a deterioration of the plaintiffs' medical condition.

21. Plaintiffs specifically plead that the subject vessels upon which they worked were rendered unseaworthy due to the above facts.

Certified True and Correct Copy
eCertID: 000086873
*Tracy Bradley*
East Baton Rouge Parish
Deputy Clerk of Court
Generated Date: 6/19/2013 7:59 AM

22. Plaintiffs specifically allege a claim for punitive damages against the Jones Act defendants herein based upon General Maritime Law. This claim relates not only to any arbitrary and/or unreasonable failure of Jones Act defendant(s) to pay maintenance and cure benefits but also for any gross negligence of the Jones Act defendant(s), or unseaworthiness of the vessel(s) as may be allowed under General Maritime Law.

23. Plaintiffs further allege a claim for medical monitoring under the Jones Act and maritime law as against the Jones Act defendant. Such claim includes payment of future medical monitoring costs to ensure Plaintiffs' health and to avoid further health damage to Plaintiffs due to their asbestos exposure.

## IV. DAMAGES

24. Plaintiffs demand recovery of and from all of the Defendants herein for damages of:

    a. Past and future lost wages and fringe benefits;

    b. Past and future medical expenses;

    c. Past and future pain, suffering and mental anguish;

    d. Loss of enjoyment of life;

    e. Punitive damages;

    f. Medical monitoring;

    g. Emotional distress; and

    h. Fear of cancer.

## V. JURY DEMAND

25. Plaintiffs demand a trial by jury on all issues raised herein.

## VI. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand judgment of, from and against these Defendants, both jointly and severally for all damages complained of herein. In addition, Plaintiffs demands punitive damages, attorneys' fees and all costs of Court herein accruing.

Certified True and Correct Copy
eCertID: 000086873
East Baton Rouge Parish
Deputy Clerk of Court
Alteration and subsequent re-filing of this certified copy may violate LA. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).
Generated Date: 6/19/2013 7:59 AM

Respectfully submitted:

*[signature]*

TIMOTHY J. YOUNG (22677)
JASON C. MACFETTERS (29617)
TAMMY D. HARRIS (29896)
THE YOUNG FIRM
400 Poydras Street, Suite 2090
New Orleans, LA 70130
Telephone: (504) 680-4100
Facsimile (504) 680-4101

PLEASE SERVE:

Union Carbide Corporation
Through its Registered Agent:
CT Corporation System
5615 Corporate Blvd., Suite 400B
Baton Rouge, LA 70809

Montello, Inc.
Through its Registered Agent:
THE PRENTICE-HALL CORPORATION SYSTEM, INC.
320 Somerulos Street
Baton Rouge, LA 70802

Chevron Phillips Chemical Company, LP
Through its Registered Agent:
CT Corporation System
5615 Corporate Blvd., Suite 400B
Baton Rouge, LA 70809

Baker Hughes Oilfield Operations, Inc.
Through its Registered Agent
CT Corporation System
5615 Corporate Blvd., Suite 400B
Baton Rouge, LA 70809

Baker Hughes Incorporated
Through its Registered Agent
CT Corporation System
5615 Corporate Blvd., Suite 400B
Baton Rouge, LA 70809

Coastal Chemical Co., L.L.C.
Through its Registered Agent
CT Corporation System
5615 Corporate Blvd., Suite 400B
Baton Rouge, LA 70809

NICO SUPPLY CO., INC.
Through its Registered Agent
Susan L. Breaux
7611 Hwy 14
New Iberia, LA 70560

Certified True and
Correct Copy
eCertID: 000086873

*Tracy Bradley*
Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
6/19/2013 7:59 AM

Ensco Offshore Company
Through its Registered Agent:
CT Corporation System
5615 Corporate Blvd., Suite 400B
Baton Rouge, LA 70809

Noble Drilling Corporation
Through its Registered Agent:
CT Corporation System
5615 Corporate Blvd., Suite 400B
Baton Rouge, LA 70809

Exxon Mobil Corporation
Through its Registered Agent
CORPORATION SERVICE COMPANY
320 Somerulos Street
Baton Rouge, LA 70802

Shell Oil Company
Through its registered agent
CT Corporation System
5615 Corporate Blvd., Suite 400B
Baton Rouge, LA 70809

MURPHY EXPLORATION & PRODUCTION COMPANY-USA
Through its Registered Agent:
CT Corporation System
5615 Corporate Blvd., Suite 400B
Baton Rouge, LA 70809

PLEASE SERVE THROUGH THE LOUISIANA LONG ARM STATUTE:

MURPHY EXPLORATION & PRODUCTION COMPANY
Through its Registered Agent:
Attn: Mr. Steven Cosse
20 Peach Street, PB Box 7000
El Dorado, AR 71731-7000

Certified True and Correct Copy
eCertID: 000086873
Baton Rouge Parish
Deputy Clerk of Court
Generated Date: 6/19/2013 7:59 AM