UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


DAVID BRIDGES, ET AL.

CIVIL ACTION

VERSUS

NUMBER 13-477-JJB-SCR

PHILLIPS 66 COMPANY, ET AL.


**<u>NOTICE</u>**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, September 27, 2013.

*[Signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DAVID BRIDGES, ET AL.

VERSUS

PHILLIPS 66 COMPANY, ET AL

CIVIL ACTION

NUMBER 13-477-JJB-SCR

## MAGISTRATE JUDGE'S REPORT

Before the court is the Plaintiffs' Motion to Remand filed by plaintiffs David Bridges, John Courtney, Jerry Freeman, Sr., Wyman Fuller, James Hardy, Terry Keith, Jerry Kitchens, Sr., Randy Newsome, Sr., Thomas Sullivan and Willie Thompson.[1]  Record document number 22.  The motion is opposed.[2]

Plaintiffs filed a Seamen's Petition for Damages in state court seeking recovery for injuries sustained as a result of exposure to asbestos-containing drilling mud while employed with defendants Baker Hughes Oilfield Operations, Inc., Shell Oil Company, ENSCO Offshore Company, Noble Drilling Corporation, Exxon Mobil Corporation, Murphy Exploration & Production Company, and Murphy Exploration & Production Company-USA, and Shell Oil Company (collectively referred to as "Jones Act Defendants").  Plaintiffs also named as defendants Union Carbide Corporation, Montello, Inc., Cheveron Phillips Chemical Company, L.P., Coastal Chemical Co.,

---

[1] Plaintiff Percy Hall is not a party to this motion.

[2] Record document number 25.  Plaintiffs filed a reply memorandum.  Record document number 30.

L.L.C., and Nico Supply Company, Inc. (collectively referred to as "Asbestos Defendants") who allegedly manufactured and/or distributed the asbestos-containing drilling mud. Plaintiffs asserted claims under Louisiana state law, general maritime law, and the Jones Act.

Defendants removed the action asserting that the plaintiffs' alleged exposures occurred while working on offshore oil rigs in the Gulf of Mexico in furtherance of development of minerals on the Outer Continental Shelf, and thus their claims are subject to federal jurisdiction under the Outer Continental Shelf Lands Act ("OCSLA"). 28 U.S.C. § 1331 and 43 U.S.C. § 1349(b)(1). Defendants argued that this Court has original jurisdiction over the plaintiffs' general maritime claims under 28 U.S.C. § 1333, and these claims are removable under 28 U.S.C. § 1441. Defendants also argued that the plaintiffs' non-removable Jones Act claims should be severed after removal and remanded to state court pursuant to § 1441(c).[3]

Plaintiffs argued that the defendants failed to show the plaintiffs asserted a claim that is subject to OCSLA and thus failed to establish a basis for federal question jurisdiction under § 1331. Plaintiffs specifically noted that their petition is devoid of any facts that conclusively show that the exposure

---

[3] Jones Act claims are nonremovable by statute. 46 U.S.C.A. § 30104 and 28 U.S.C. § 1445(a).

2

occurred while they were working in furtherance of the development of minerals on the Outer Continental Shelf, *e.g.* while working on a drilling platform. Plaintiffs also argued that the case law relied on by the defendants to demonstrate that general maritime claims are now removable under the current version of § 1441 is not controlling and is distinguishable. Plaintiffs further noted that severance of the Jones Act claims would be judicially inefficient in this case where multiple plaintiffs and defendants are involved.

### Applicable Law

It is well settled that when faced with a motion to remand the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists. *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.), *rehg. denied*, 70 F.3d 26 (5th Cir. 1995). The federal removal statute is subject to strict construction because a defendant's use of that statute deprives a state court of a case properly before it and thereby implicates important federalism concerns. *Frank v. Bear Stearns & Co.,* 128 F.3d 919, 922 (5th Cir. 1997). Any doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction. *Acuna v. Brown & Root*, 200 F.3d 335, 339 (5th Cir. 2000).

### Removal of General Maritime Claims

Under 28 U.S.C. § 1333 federal district courts have original jurisdiction over admiralty and maritime cases, saving to suitors

3

in all cases all other remedies to which they are otherwise entitled. The Fifth Circuit has historically held that general maritime claims saved to suitors were not of themselves removable pursuant to § 1441(b), which prior to 2012 stated:

> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to citizenship or residence of parties. Any other such action shall be removable only if non of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

*Morris v. T E Marine Corp.*, 344 F.3d 439, 444 (5th Cir. 2003), citing, *Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354, 377-79, 79 S.Ct. 468,(1959).

The Fifth Circuit court reasoned that because general maritime claims did not arise under the Constitution, treaties or laws of the United States, § 1441(b) was an Act of Congress which prevented removal of such claims alone. Maritime claims were considered "other such action[s]" which required a separate basis for federal question jurisdiction or diversity jurisdiction to be removed. *Id*.

Section 1441 was amended in December 2011 and now reads, in relevant part, as follows:

> (a) Generally.—Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

4

>    (b) Removal based on diversity of citizenship.—(1) In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.
>    (2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.[4]

The issue before the Court is whether current version of § 1441 affects the removability of general maritime claims under § 1333.

**Outer Continental Shelf Lands Act**

The "savings to suitors" clause under § 1333 does not limit the right of a defendant to remove actions where there exists some other basis for jurisdiction. *Morris,* 344 F.3d at 444; *Tennessee Gas Pipeline v. Houston Cas. Ins.*, 87 F.3d 150, 153 (5th Cir. 1996). Removal of general maritime claims is appropriate if federal jurisdiction exists under a separate statute, such as the Outer Continental Shelf Lands Act. *Id*. OCSLA declares that "the subsoil and seabed of the outer Continental Shelf appertain to the

---

[4] Prior to the amendment, § 1441(a) provided, in relevant part, as follows:
   a) Generally.—Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

5

United States and are subject to its jurisdiction, control, and power of disposition...." 43 U.S.C. § 1332(1). OCSLA not only defines the law applicable to the outer Continental Shelf, it also grants federal courts jurisdiction over disputes that occur there. Section 1349(b)(1) provides, in relevant part, as follows:

> the district courts of the United States shall have jurisdiction of cases and controversies arising out of, or in connection with (A) any operation conducted on the outer Continental Shelf which involves exploration, development, or production of the minerals, of the subsoil and seabed of the outer Continental Shelf, or which involves rights to such mineral, or (B) the cancellation, suspension, or termination of a lease or permit under this subchapter.

The Fifth Circuit has held that the jurisdictional grant in § 1349(b)(1) is very broad. *Tennessee Gas*, 87 F.3d at 155. The test to determine the existence of federal jurisdiction under OCSLA is whether the accident arose out of or in connection with the defendant's operation on the OCS. "To determine whether a cause of action arises under OCSLA, the Fifth Circuit applies a but-for test, asking whether: (1) the facts underlying the complaint occurred on the proper situs; (2) the plaintiff's employment furthered mineral development on the OCS; and (3) the plaintiff's injury would not have occurred but for his employment." *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 213 (5th Cir. 2013), *citing Demette v. Falcon Drilling Co.*, 280 F.3d 492, 496 (5th Cir. 2002) and *Recar v. CNG Producing Co.*, 853 F.2d 367, 369 (5th Cir. 1988).

The well-pleaded complaint rule does not bar removal when

6

jurisdiction exists under § 1349(b)(1).  The rule does not apply to pleadings in state court that fail to invoke OCSLA because, by its express terms OCSLA, creates jurisdiction in the federal courts. *Id.; Amoco Prod. Co. v. Sea Robin Pipeline Co.*, 844 F.2d 1202, 1205 (5th Cir. 1988).

## Analysis

### Defendants Have Failed Show that the Plaintiffs' Claims Are Subject to Federal Jurisdiction Under OCSLA.

The factual allegations in the plaintiffs' petition are insufficient to establish that the claims are subject to OCSLA. Although the plaintiffs' alleged that they worked on oil rigs in the Gulf of Mexico and were exposed to drilling mud, these facts alone do not demonstrate that the oil rigs were located on the outer Continental Shelf.  Under 43 U.S.C. § 1331(a), Congress defined the term "Outer Continental Shelf" to include all submerged lands lying seaward and three miles outside state waters, "and of which the subsoil and seabed appertain to the United States and are subject to its jurisdiction and control."  Nothing in the record indicates that the oil rigs referenced in the petition are located within this area, and the defendants have not provided any evidence to establish the location of the rigs.

### Removal of General Maritime Claims Is Proper Under the Current Version of § 1441.

Because the facts presented do not show that OCSLA is

7

applicable to the plaintiffs' claims, the Court must determine whether the current version of § 1441 permits removal of general maritime claims.

To demonstrate that the current version § 1441 permits the removal of general maritime claims without requiring an additional source of federal jurisdiction, the defendants cited *Wells v. Abe's Boat Rental, Inc.*[5] In *Wells*, the district court determined that general maritime claims are removable under the current version of § 1441 despite the joinder of a non-removable Jones Act claim. In doing so, the district court relied on the analysis presented in *Ryan v. Hercules Offshore, Inc.*[6] to support this conclusion. Although neither case is controlling, the reasoning in both *Wells* and *Ryan* is persuasive and is applicable to the facts in this case.

After surveying Fifth Circuit and Supreme Court case law, the *Ryan* court summarized the principles which made general maritime claims non-removable under the prior version § 1441, as follows:

> (1) [F]ederal courts have original jurisdiction over admiralty claims; (2) the saving to suitors clause does not preclude federal courts from exercising jurisdiction over admiralty claims originally brought in state court; (3) the old version of section 1441(b) was relied upon as the "Act of Congress" that precluded federal courts from exercising removal jurisdiction unless the requirements of section 1441(b) were met; and (4) admiralty cases do not arise under the Constitution, treaties or laws of the United States, so admiralty cases were considered "any other such actions" under the prior version of section

---

[5] 2013 WL 3110322 (S.D. Tex. June 18, 2013).

[6] 2013 WL 1967315 (S.D. Tex. May 13, 2013).

8

1441(b) and were thus removable only if none of the parties in interest properly joined and served as defendants was a citizen of the State in which the action was brought.[7]

Under both the prior and current version of § 1441(a) removal of civil actions over which the district courts have original jurisdiction is permitted unless expressly prohibited by an Act of Congress. In the current version of § 1441(b) Congress omitted the language which required a removable claim that was not subject to diversity jurisdiction to arise "under the Constitution, treaties or laws of the United States." As discussed in *Ryan*, the courts in the Fifth Circuit relied on this specific language of § 1441(b) to be the "Act of Congress" which precluded the removal of original jurisdiction maritime cases pursuant to § 1441(a). Now that this language has been removed, nothing in § 1441 or another Act of Congress prevents removal of general maritime claims. Thus, both *Wells* and *Ryan* demonstrate that the amendment to § 1441 allows removal of maritime claims. Because the plaintiffs' petition was filed after the amendment to § 1441, this new interpretation of the law is applicable.

Plaintiffs correctly argued that *Wells* is not controlling and that the Fifth Circuit has not reversed its consistent holding that general maritime claims are not removable. Plaintiffs further

---

[7] *Ryan*, 2013 WL 1967315 at 4, relying on: *Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354, 79 S.Ct. 468 (1959); *In re Dutile*, 935 F.2d 61, 63 (5th Cir. 1991); *Tenn. Gas Pipeline v. Hous. Cas. Ins.*, 87 F.3d 150 (5th Cir. 1996), and *Barker v. Hercules Offshore*, Inc., 713 F.3d 208 (5th Cir. 2013).

argued that *Wells* is inapplicable because the district court ultimately held that the case was removable under OCSLA. Although the Fifth Circuit has not addressed how the new language of § 1441 affects removal, the statutory basis for the Fifth Circuit's holding has clearly been changed. Plaintiffs have not shown that the legal reasoning presented in *Wells* or *Ryan* is incorrect.

Plaintiffs also cited *Connelly v. Trico Marine Operators, Inc.*,[8] to demonstrate that removal of an action containing a Jones Act claim could only be proper under § 1441(c) if a separate and independent claim invoking federal jurisdiction existed. Plaintiffs' reliance on this case is without merit because the district court's holding was based on the pre-amendment version of § 1441(c). The current version of § 1441(c) no longer requires the "separate and independent" claim analysis.[9]

---

[8] 2012 WL 1900044 (E.D.La. 2012)

[9] Prior to the 2011 amendment, § 1441(c) stated: Whenever a separate and independent claim or cause of action with the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

Section 1441(c) now reads:
 (1)If a civil action includes—
 (A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and

 (B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may
(continued...)

**Conclusion**

Defendants have demonstrated that current version of § 1441(b) does not prohibit the removal of general maritime claims under § 1333. Therefore, removal of this action was proper.

Because this report and recommendation is not a ruling on the Plaintiffs' Motion to Remand, deciding whether to sever and remand the Jones Act claim is premature at this time. Thus, the defendants request to sever and remand the plaintiffs' Jones Act Claim pursuant to the amended version of § 1441(c) will be addressed after the district judge rules on the Plaintiffs' Motion to Remand.

**RECOMMENDATION**

It is the recommendation of the magistrate judge that the Plaintiff's Motion to Remand be denied.

Baton Rouge, Louisiana, September 27, 2013.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[9](...continued)
be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).
 (2) Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed. Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1).

11