UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DAVID BRIDGES, ET AL.

VERSUS

PHILLIPS 66 COMPANY, ET AL.

CIVIL ACTION

NUMBER 13-477-JJB-SCR

**RULING ON MOTION TO DISMISS, OR ALTERNATIVELY
FOR LEAVE TO PERFORM JURISDICTIONAL DISCOVERY
AND FOR MORE DEFINITE STATEMENT**

Before the court is Shell Oil Company's Motion to Dismiss Under Rule 12(b)(6), For Leave to Perform Jurisdictional Discovery, and For a More Definite Statement Under Rule 12(c). Record document number 20. Plaintiffs filed an opposition.[1]

All of the parties' arguments have been considered. The court cannot agree with the plaintiffs' argument that they have alleged sufficient facts for the defendant to answer their Seamen's Petition for Damages. As the defendant correctly argued, the plaintiffs' vague and undifferentiated allegations claiming to be Jones Act seamen are not sufficient. As the pleadings stand now, there are not sufficient facts alleged for the defendant, or the court, to determine whether any of the plaintiffs are even arguably Jones Act seamen as to defendant Shell.[2]

---

[1] Record document number 23.

[2] Plaintiffs stated in their opposition memorandum that the only plaintiff that worked for Shell is Thomas Sullivan. *Id.*, at p. 4.

In these circumstances, the best and most expeditious course of action is to require the plaintiffs to amend their petition to allege the specific facts needed to plead a Jones Act claim against defendant Shell. Although the same result could be obtained by recommending that the defendant's Rule 12(b)(6) motion be granted unless the plaintiffs file an amended petition which cures the deficient Jones Act allegations, simply requiring them to file an amended petition gets to the same result directly. If the defendant believes that the plaintiffs' amended petition is still deficient, it may again move to dismiss for failure to state a Jones Act claim.

Insofar as the defendant sought jurisdictional discovery, that aspect of the motion is denied without prejudice. While permitting limited jurisdictional discovery is clearly within the court's discretion, even limited discovery will likely be time consuming, as well as costly to the numerous parties in this case. After the plaintiffs have amended their petition, the parties and the court can better assess what, if any, jurisdictional discovery may be warranted.

Accordingly, Shell Oil Company's Motion to Dismiss Under Rule 12(b)(6), For Leave to Perform Jurisdictional Discovery, and For a More Definite Statement Under Rule 12(c) is granted, in part. The motion is granted insofar as the defendant sought an order requiring the plaintiffs to file an amended petition which

clarifies the factual basis for each plaintiff's Jones Act claim against the defendant. Plaintiffs shall have until December 6, 2013 to file their amended petition. The other aspects of the defendant's motion are denied, without prejudice.

Baton Rouge, Louisiana, November 22, 2013.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

3