UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


DAVID BRIDGES, ET AL.

VERSUS

PHILLIPS 66 COMPANY, ET AL.

CIVIL ACTION

NUMBER 13-477-JJB-SCR

**RULING ON MOTIONS TO DISMISS, OR ALTERNATIVELY
FOR LEAVE TO PERFORM JURISDICTIONAL DISCOVERY
AND FOR MORE DEFINITE STATEMENT**

Before the court are defendant Noble Drilling Corporation's Motion to Dismiss Under Rule 12(b)(6), For Leave to Perform Jurisdictional Discovery, and, Alternatively, For a More Definite Statement Under Rule 12(e) and defendant ENSCO Offshore Company's Motion to Dismiss Under Rule 12(b)(6), For Leave to Perform Jurisdictional Discovery, and, Alternatively, For a More Definite Statement Under Rule 12(e). Record document numbers 53 and 54, respectively. Defendants Murphy Exploration & Production Company - USA, Inc., and Murphy Exploration & Production Company joined in both motions. Record document numbers 58 and 66. Plaintiffs filed oppositions to each motion.[1]

On a similar motion filed by Shell Oil Company, the court determined that the plaintiffs' failed to alleged sufficient facts

---

[1] Record document numbers 59, 60, and 61. Defendant Noble Drilling Corporation filed a reply memorandum. Record document number 62.

for defendant Shell to answer their Seamen's Petition for Damages.[2] The court found that the plaintiffs' allegations claiming to be Jones Act seamen were vague and undifferentiated and required the plaintiffs to amend their petition to allege the specific facts needed to plead a Jones Act claim against the moving defendant, Shell Oil Company.

After that ruling was issued, the plaintiffs voluntarily dismissed Shell Oil Company [3] and did not file an amended complaint pursuant to the ruling or otherwise. Plaintiffs' arguments in response to present motions are based on the allegations in the original petition. As found before in the ruling on Shell Oil Company's motion, the allegations in the original petition fail to state sufficient facts for the defendants, or the court, to determine whether any of the plaintiffs are even arguably Jones Act seamen as to any of the moving defendants.

As done before in the ruling on Shell Oil Company's motion, the plaintiffs shall be required to amend their petition to allege the specific facts needed to plead a Jones Act claim against each of the moving defendants. This is still the better course of action, compared to recommending that the defendants' Rule 12(b)(6) motions be granted unless the plaintiffs file an amended petition

---

[2] Record document number 48, Ruling on Motion to Dismiss, or Alternatively For Leave to Perform Jurisdictional Discovery, and For a More Definite Statement.

[3] Record document number 51 and 57.

which cures the deficient Jones Act allegations. If the defendants believe that the plaintiffs' amended petition is still deficient, they may again move to dismiss for failure to state a Jones Act claim.

Insofar as the defendants sought jurisdictional discovery, that aspect of the motion is denied without prejudice. While permitting limited jurisdictional discovery is clearly within the court's discretion, even limited discovery will likely be time consuming, as well as costly to the numerous parties in this case. After the plaintiffs have amended their petition, the parties and the court can better assess what, if any, jurisdictional discovery may be warranted.

Accordingly, defendant Noble Drilling Corporation's Motion to Dismiss Under Rule 12(b)(6), For Leave to Perform Jurisdictional Discovery, and, Alternatively, For a More Definite Statement Under Rule 12(E), and defendant ENSCO Offshore Company's Motion to Dismiss Under Rule 12(b)(6), For Leave to Perform Jurisdictional Discovery, and, Alternatively, For a More Definite Statement Under Rule 12(E), are granted, in part. This ruling applies to defendants Murphy Exploration & Production Company - USA, Inc., and Murphy Exploration & Production Company as they joined in these motions. The motions are granted insofar as the moving defendants sought an order requiring the plaintiffs to file an amended petition which clarifies the factual basis for each plaintiff's

Jones Act claim against each of the moving defendants, namely Noble Drilling Corporation, ENSCO Offshore Company, Murphy Exploration & Production Company - USA, Inc., and Murphy Exploration & Production Company.  Plaintiffs shall have until March 6, 2015 to file their amended petition.  The other aspects of the defendants' motions are denied, without prejudice.

Baton Rouge, Louisiana, February 20, 2015.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE