UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

BRIDGES, ET AL                                             CIVIL ACTION

VERSUS

CHEVRON PHILLIPS CHEMICAL COMPANY, KP ET AL     NO. 13-477-JJB

**RULING ON MOTION TO DISMISS**

Defendants Noble Drilling Corp (Noble), ENSCO, Murphy Exploration & Product Co., and Murphy Exploration & Product Company-USA (collectively "Murphy"), filed motions to dismiss (Docs. 78, 80, 81) all claims asserted against them by the plaintiffs with no work history for their respective company and all general maritime law punitive damages claims. The plaintiffs filed "response" memorandums (Docs. 84–86), and the defendants did not reply. Oral argument is unnecessary.

**Background**

In 2013, the eleven plaintiffs filed a Seaman's Petition for Damages in Louisiana state court, and the defendants subsequently removed the case to this Court. The suit named thirteen defendants, including multiple "Jones Act Defendants." The plaintiffs allege they were injured as a result of exposure to asbestos-containing drilling mud that was manufactured by one or more of the "Asbestos Defendants" while working for Jones Act Defendants. One of those defendants, Shell Oil Company (Shell), successfully filed a motion to dismiss or for more definite statement (Doc. 20), and after the Court ordered the plaintiffs amend their petition, the plaintiffs opted to dismiss Shell.

1

Noble, ENSCO, and Murphy then filed motions similar to Shell, and Judge Riedlinger held that the plaintiffs' original petition failed to state sufficient facts to determine whether any of the plaintiffs were Jones Act seamen to the moving parties. (Doc. 75, at 2). The plaintiffs timely filed an amended complaint, as Judge Riedlinger ordered, and it included the work history of seven of the eleven plaintiffs. Noble, ENSCO, and Murphy moved to dismiss again, this time focusing on claims asserted by plaintiffs who did not work for the respective company and the general maritime law punitive damages claims, even for those plaintiffs who had worked for them. Later, Randy Newsome, Sr. (Newsome) filed a joint motion (Doc. 87) with ENSCO to dismiss, without prejudice, all of his claims against ENSCO while reserving all other claims; the Court granted (Doc. 88) that motion.

## **Standard of Review**

Under Rule 12(b)(6), "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court, "[i]n reviewing a Rule 12(b)(6) motion . . . must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff." *Davis v. Bellsouth Telecomm.,* 2012 WL 2064699, at *1 (M.D. La. June 7, 2012) (citing *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996)). Still, the plaintiff must assert facts sufficient to demonstrate that he may plausibly be entitled to relief. *Ashcroft*, 556 U.S. at 678. Significantly, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

**Analysis**

All three defendants make similar arguments for each claim, and the responses from the plaintiffs are likewise similar. The Court will address each claim in turn.

I.   Dismissal of Claims of Non-Employee Plaintiffs

It is well-settled that a Jones Act suit may only be maintained by a seaman and only against the seaman's employer. *Reeves v. Offshore Logistics, Inc.,* 720 F.2d 835, 836 (5th Cir. 1982). After the plaintiffs amended their complaint, each defendant renewed their motion to dismiss against the plaintiffs who still failed to assert the requisite employment status. Noble notes that only Wyman Fuller asserted that he was their employee; ENSCO points out that only David Bridges, James Hardy, and Randy Newsome Sr.[1] alleged that they were employees of ENSCO; and last, Murphy notes that only John Courtney, Percy Hall, and Willie Thompson claimed to have worked for them. The plaintiffs agree with the defendants, but each set of plaintiffs—those who worked for Noble, ENSCO, and Murphy, respectively—request that the Court limit its dismissal to only claims of plaintiffs against the defendants for whom they never worked. The Court agrees with the plaintiffs, and the motions to dismiss the claims of plaintiffs who never worked for Noble, ENSCO, and Murphy, respectively, will be dismissed against each respective defendant.

II.   Punitive Damages

The Jones Act only allows pecuniary losses to be remedied, and punitive damages do not remedy pecuniary losses. *McBride v. Estis Will Service, L.L.C.*, 768 F.3d 382, 391 (5th Cir. 2014). Each defendant alleges that, of those plaintiffs who maintain claims against them after dismissal of those who are not Jones Act employees, the punitive damages portion of each claim should be dismissed. Again, the plaintiffs agree, though they urge that the Court not dismiss their

---

[1] Newsome, as stated, voluntarily dismissed this claim after this motion was filed.

claims against their respective defendants for maintenance and care. The defendants did not reply or oppose this, and the Court finds that it is the appropriate result. Therefore, the Court will grant the motions to dismiss of the defendants and limit dismissal to claims for punitive damages.

## Conclusion

For the foregoing reasons, Noble's Motion to Dismiss (Doc. 78) is GRANTED in part with respect to all claims by David Bridges, John Courtney, Jerry Freeman, Sr., James Hardy, Terry Keith, Jerry Kitchens, Sr., Randy Newsome, Sr., Thomas Sullivan, Willie Thompson, and Percy Hall and with respect to the claims for punitive damages by Wyman Fuller and DENIED in part with respect to Wyman Fuller's claims for maintenance and care.

ENSCO's Motion to Dismiss (Doc. 80) is GRANTED in part with respect to all claims by John Courtney, Jerry Freeman, Sr., Wyman Fuller, Terry Keith, Jerry Kitchens, Sr., Thomas Sullivan, Willie Thompson, and Percy Hall and with respect to claims for punitive damages by David Bridges and James Hardy and DENIED in part with respect to claims for maintenance and care by David Bridges and James Hardy.

Mobile's Motion to Dismiss (Doc. 81) is GRANTED in part with respect to all claims by David Bridges, Jerry Freeman, Sr., Wyman Fuller, James Hardy, Terry Keith, Jerry Kitchens, Sr., Randy Newsome, Sr., and Thomas Sullivan and with respect to claims for punitive damages by John Courtney, Percy Hall, and Willie Thompson and DENIED part with respect to claims for maintenance and care by John Courtney, Percy Hall, and Willie Thompson.

Signed in Baton Rouge, Louisiana, on July 14, 2015.

_____
**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**